KARR et al. v. AMES et al.

(Circuit Court of Appeals, Seventh Circuit. January 26, 1909.)

No. 1,460.

STIPULATIONS (§ 14*)—EFFECT—RESTRICTION OF REFERENCE.

A cause having been referred to a master on defendant's motion, plaintiffs filed a supplemental bill attacking a new claim of title acquired by defendant K. pendente lite, after which a stipulation was signed agreeing that the court might refer the cause with respect to the supplemental bill, answers, and replications to the master for the same purposes as the original bill, and agreeing that the master might include, in his report of the case made by the original bill, his report of the case made by the supplemental bill, etc. *Held*, that the stipulation, instead of broadening the master's authority conferred by the original order of reference, confined his jurisdiction over the supplemental issues within the limits of the authority given him over those originally raised, and that it was therefore proper for the judge, when his authority was invoked for that purpose, to examine the evidence and determine the facts and law.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 14.*]

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of Illinois.

William Burry, for appellants.
Edward Peirce and Charles M. Peirce, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. Appellees, as heirs at law of Alexander Hannah, successfully prosecuted this suit to set aside certain deeds from Hannah to appellant Phillip A. Karr.

The record fails to support appellants' contention that the reference to the master was by consent, and therefore that the court was bound to let the report stand unless it clearly involved error of law or misapprehension or oversight of facts. Kimberly v. Arms, 129 U. S. 524, 9 Sup. Ct. 355, 32 L. Ed. 764. The recital is that:

"On motion of defendants, by their solicitors, this cause is referred to Walter McClellan Allen, one of the masters of this court."

Some months later appellees filed a supplemental bill attacking a new claim of title (from Hannah to Henry Karr and from Henry to Phillip Karr) acquired by Phillip Karr pendente lite. Thereafter a stipulation was signed that:

"The parties hereby consent and agree that the said court may enter an order instanter referring the said cause, with respect to said supplemental bill, answers, and replications, to the said master in chancery, for the same purposes as the original bill, answers, and replications now stand referred to said master, and further consent and agree that the said master may include, in his report of the case made by the original bill, answers, and replications, his report of the case made by the said supplemental bill, answers, and replications."

Clearly, it seems to us, the stipulation, instead of broadening the original order of reference, confined the master's authority over the supplemental issues within the limits of the authority given him over the original issues. It was, therefore, proper for the judge of the Circuit Court, when his authority was invoked for that purpose, to examine the evidence and determine the issues of fact and law.

An extended examination of the case has led us to conclude that the trial judge's findings of fact should not be disturbed; and on those facts there are no propositions of law that require reiteration.

The decree is affirmed.